UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN DROUIN,

          Plaintiff,

v.

SYMETRA LIFE INSURANCE CO.,

          Defendant .

Civil Action No. 06-cv-10764

## DEFENDANT SYMETRA LIFE INSURANCE COMPANY'S MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES

Now comes the Defendant, Symetra Life Insurance Co. ("Symetra"), through its counsel, and hereby moves this Honorable Court to compel the Plaintiff, Helen Drouin ("Plaintiff"), to respond fully to the Defendant's First Request for Interrogatories, which it served on or about October 13, 2006.  In support of its Motion, Symetra states as follows:

1.      This is a case that the Plaintiff, Helen Drouin, brought against Symetra Life Insurance Co., in an effort to recover funds that Plaintiff claims were allegedly stolen from her IRA account, via a fraudulent fund request, by her own daughter, Janice Cahoon.

2.      On or about October 13, 2006, Symetra served the Defendant's First Request for Interrogatories on the Plaintiff.  See *Defendant, Symetra Life Insurance, Co.'s First Set of Interrogatories to the Plaintiff*, attached hereto as Exhibit A.

3.      Pursuant to the Federal Rules of Civil Procedure, the Plaintiff's Answers were due on or before November 13, 2006.

4.      The Plaintiff, without contacting the Defendant or requesting any extensions, did not serve her Answers on November 13, 2006.

5.      Upon multiple requests from Symetra, the Plaintiff produced a "draft" (unsigned) version of *Helen Drouin's Responses to Symetra Life Insurance Co. First Set of Interrogatories* on or about November 28, 2006, with her counsel's representations that the unsigned version represented his client's full and complete answers to the interrogatories. See *Helen Drouin's* [Unsigned] *Responses to Symetra Life Insurance Co. First Set of Interrogatories*, attached hereto as Exhibit B.

6.      However, the Plaintiff's answers were, in fact, grossly insufficient and/or not fully responsive to the interrogatories posed.  The deficiencies included the following:

Interrogatory No. 1:  Plaintiff does not provide her date of birth and social security number.

Interrogatory No. 2:  Plaintiff does not provide a detailed response to subsection (a).  Plaintiff provides no answers to subsections (b), (c) and (d).

Interrogatory No. 4:  Plaintiff does not provide the month during which she began living with Janice Cahoon at 3 Barton Road.

Interrogatory No. 5:  Plaintiff does not identify the "other bank savings accounts" that Plaintiff states she shared with her adult daughter, Janice.  She does not provide the names of the banks and numbers on the accounts, the nature of joint ownership (whether Janice had check writing privileges, an ATM card of her own), and the dates when Plaintiff and her daughter shared those accounts.  Plaintiff does not state if and when Plaintiff removed Janice from any such accounts.

Interrogatory No. 9:

(1)      Plaintiff states that Janice and Kenneth Cahoon "stole all funds existing in bank accounts" but does not identify which bank accounts.  Plaintiff fails to provide the names and numbers of all such accounts.

(2)      Plaintiff does not provide the dates on which the incidents of theft or other fraud occurred.

(3)	Plaintiff does not fully respond about the power of attorney document and revisions that Plaintiff references in her answer, including when such document was originally drafted, whether it was originally authorized, when and what revisions Janice made to it, and how and when she used the document to perpetrate any theft/fraud upon the Plaintiff.

Interrogatory No. 10: Plaintiff does not provide the names and relationship of family and friends with whom the Plaintiff has spoken about the incidents she describes in Interrogatory No. 9.

Interrogatory No. 11: Plaintiff's response to this interrogatory is vague and incomplete. Plaintiff does not identify, specifically, the "other bank savings accounts" or provide a list of when and how funds were accessed from those accounts, as well as the amounts withdrawn.

Interrogatory No. 15: This answer is not complete. Plaintiff does not state what mail Janice was opening, at what point in time and for how long, and the reason she was opening it instead of the Plaintiff.

Interrogatory No. 21: Plaintiff does not describe fully in her answer why and how it was that she did not learn about the Symetra transfers until May 2005.

Interrogatory No. 23:	This answer is incomplete and does not provide the level of detail requested, including name and address of service providers and the frequency of bills being paid.

Interrogatory No. 24: Plaintiff does not address her social security payments after January 2005. She does not identify the bank accounts referred to by name, branch and account number.


7.	Pursuant to Local Rule 37.1, Symetra, through counsel, contacted the Defendant's counsel, Christopher Trombetta, both by telephone and in writing, and communicated to him the above deficiencies in order to secure more responsive answers. See *Letter Dated December 13, 2006 from Lawrence J. Cohen to Christopher J. Trombetta*, attached hereto as Exhibit C.

8.	Plaintiff's counsel never responded to the December 13, 2006 letter.

9.	More than one month later, on or about January 22, 2007, the Plaintiff served a signed version of *Helen Drouin's Responses to Symetra Life Insurance Co. First Set of Interrogatories*, however, as is apparent from the signed answers served upon Symetra, the Plaintiff had taken no steps to comply with Symetra's December 13, 2006 letter, nor did Plaintiff's counsel provide any explanations why the answers, as originally provided, were arguably sufficient. The content of the signed interrogatories is identical in nature to the unsigned version Symetra received back in

3

November 2006, without more.  See *Helen Drouin's* [signed] *Responses to Symetra Life Insurance Co. First Set of Interrogatories*, attached hereto as Exhibit D.

WHEREFORE, Defendant, Symetra Life Insurance Company, hereby requests that this Honorable Court compel the Plaintiff, Helen Drouin, to provide full and complete answers to the Defendant's First Set of Interrogatories to the Plaintiff, as requested in Symetra's Letter to Plaintiff, dated December 13, 2006, and in accordance with the within motion.

The Defendant further requests this Court order the Plaintiff to pay all reasonable expenses incurred, in making the within motion and securing discovery, including attorney's fees, pursuant to FRCP 37(a)(4).

SYMETRA LIFE INSURANCE COMPANY,

By its attorneys,

_____s/IVG_____
Lawrence J. Cohen, Esq. (BBO No. 089610)
Irina V. Gott (BBO No. 652476)
Badger, Dolan, Parker & Cohen
One State Street, Suite 600
Boston, MA  02109
(617) 482-3030

DATED:  February 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served this day upon the attorney of record for each other party by electronic service through ECF, and by first-class mail.

_____s/IVG_____
Irina V. Gott

4